**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW MEXICO**

QUIONG LI,

Petitioner,

v. No. 1:26-cv-01105-MLG-KRS

MARKWAYNE MULLIN, Secretary,
U.S. Department of Homeland Security, et al.,

Respondents.

**ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS AND DIRECTING RESPONDENTS TO IMMEDIATELY RELEASE PETITIONER**

This matter is before the Court on Petitioner Qiong Li's Verified Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 ("Petition") filed April 10, 2026. Doc. 1. Li, a Chinese citizen, entered the United States on May 6, 2023 and was apprehended by Respondents shortly after entering the country. *Id.* at 12 ¶ 46. She received conditional parole[1] pursuant to 8 U.S.C. § 1226(a)(B)(2) and was released pending any future removal proceedings.[2] *Id.* On March 24, 2026, Li was taken into custody by Immigration and Customs Enforcement ("ICE") officers and is now

[1] Section 1226 permits the release of a noncitizen from custody pending a removability determination "on 'conditional parole,'" which is synonymous with "release on recognizance." *See Ortega-Cervantes v. Gonzales*, 501 F.3d 1111, 1115 (9th Cir. 2007) (noting the Government "use[s] the phrase 'release on recognizance' as another name for 'conditional parole' under § 1226(a)").

[2] Before making a custody determination, an immigration officer must assess whether releasing the noncitizen would "pose a danger to property or persons" and whether they are "likely to appear for any future [immigration] proceeding." 8 C.F.R. § 236.1(c)(8). Obviously, if a person is released on conditional parole, the immigration officer has found neither consideration appliable. *See also* Doc. 1 at 11 ¶ 42 (discussing how if Respondents had not previously determined Li was neither a flight risk nor a danger to her community she would not have been released on her own recognizance).

detained at the Otero County Processing Center in New Mexico. *Id.* at 13 ¶¶ 50, 51. She did not receive a pre-deprivation hearing or any explanation prior to her re-detention. *Id.* at 10 ¶ 40. ICE determined after Li was re-detained that she should be held without an opportunity to post bond or be released on other conditions. *Id.* at 13, ¶ 52.

Li's Petition challenges her detention on the grounds that her detention "without a pre-deprivation hearing and without any opportunity for a bond hearing before a neutral adjudicator, violates" the Fifth Amendment Due Process Clause. *Id.* at 14, ¶ 59. She further alleges that her detention is subject to 8 U.S.C. § 1226(a). *Id.* at 6-7, 13-14 ¶¶ 29-34, 54-56. Her continued detention pursuant to § 1225(b)(2)(a) violates the Immigration and Nationality Act ("INA") as she previously entered the county and has been residing here prior to being detained and detained by the Department of Homeland Security ("DHS"). *Id.* She seeks a writ of habeas corpus directing federal immigration authorities to release her from custody. *Id.* at 15.

Respondents filed a Response to the Petition on April 23, 2026. Doc. 5. They assert that Li's detention accords with § 1225(b)(2)(A) and is therefore mandatory. *Id.* at 1-2. Respondents also cite *Patel v. Noem*, No. 1:25-CV-01261-KG-GBW, 2026 WL 103163 (D.N.M. Jan. 14, 2026) claiming that the facts in that case are substantially similar to those before the Court. *Id.* at 2. The Court disagrees. Notably, the petitioner in *Patel* was not released on conditional parole prior to his recent detention. 2026 WL 103163 at * 1. Respondents do not dispute any of the factual allegations asserted in the Petition. *See generally* Doc. 5.

Here, it is undisputed that Li received conditional parole in 2023. *See* Doc. 1 at 12 ¶ 46. She was therefore released pursuant to § 1226(a)(2) and an immigration officer made an initial determination that Li was neither a danger to the community nor a flight risk. *See* 8 C.F.R. § 236.1(c)(8); *supra* note 2. Because Li was initially released from Respondents' custody pursuant

to § 1226(a)(2), the Court hereby finds Li's re-detention without an immigration court's finding of dangerousness or risk of flight constitutes a violation of the Fifth Amendment's Due Process Clause. The analysis and reasoning set forth in this Court's opinion in *Diallo v. Orozco* is adopted here. No. 2:26-cv-00066-MLG-JHR, 2026 WL 608746, at *3-4 (D.N.M. Mar. 4, 2026) (employing the *Mathews v. Eldridge*[3] balancing test to hold that re-detention of a petitioner initially released on their own recognizance pursuant to § 1226(a)(2) without a pre-deprivation hearing or immigration court finding of a change in dangerousness or flight risk constitutes a due process violation); *see also Garcia Domingo v. Castro*, 806 F. Supp. 3d 1246, 1252 (D.N.M. 2025); *Danierov v. Noem*, No. 2:25-cv-01215-KG-KRS, 2025 WL 3653925, at *2 (D.N.M. Dec. 17, 2025); *Ramirez v. Noem*, No. 2:26-cv-00063-SMD-GJF, 2026 WL 381869, at *6-7 (D.N.M. Feb. 11, 2026); *Pablo Sequen v. Albarran*, 806 F. Supp. 3d 1069, 1082 (N.D. Cal. 2025) (collecting cases from the Northern District of California), *appeal filed sub nom.*, *Garcia v. Albarran*, No. 25-7868 (9th Cir. Dec. 16, 2025); *Destino v. FCI Berlin, Warden*, No. 1:25-cv-374-SE-AJ, 2025 WL 4010424, at *11 (D.N.H. Dec. 24, 2025), *appeal filed sub nom.*, *Destino v. Ackley*, No. 26-1181 (1st Cir. Feb. 20, 2026); *O.F.C. v. Almodovar*, No. 25-cv-9816 (LJL), 2026 WL 74262, at *7 (S.D.N.Y. Jan. 9, 2026); *Singh v. Stevens*, No. 3:26-CV-133, 2026 WL 456489, at *7 (N.D. Ohio Feb. 18, 2026). Therefore, the requested writ of habeas corpus for her immediate release is granted.[4]

[3] 424 U.S. 319, 335 (1976).

[4] ICE's determination after Li was re-detained that she should be held without an opportunity to post bond or be released on other conditions does not cure any due process defects in this case. *See* Doc. 1 at 13, ¶ 52; *Diallo*, 2026 WL 608746, at *2 n.8 (noting that a bond hearing after a noncitizen is already in custody cannot prevent an erroneous deprivation of liberty that the Fifth Amendment seeks to protect.)

Li shall be released within twenty-four hours of the entry of this Order. She shall be released with all identification documentation that she possessed on his person when detained by Respondents in March 2026 along with a copy of this Order.

Li may not be re-detained without a pre-detention hearing before a neutral IJ and only following a showing by clear and convincing evidence that Li is a flight risk or poses a danger to the community and that no conditions other than her detention would be sufficient to prevent such harms. Li shall receive at least seven (7) days' notice before the pre-detention hearing takes place.

Respondents are further ordered to file a status report within three (3) days of this Order to certify compliance. The status report shall provide the date and location in which Li was released from custody.

It is so ordered.

UNITED STATES DISTRICT JUDGE
MATTHEW L. GARCIA